1

2

3                          **UNITED STATES DISTRICT COURT**

4                               **DISTRICT OF NEVADA**

5                                      **＊ ＊ ＊**

6   UNITED STATES OF AMERICA,              )
                                           )
7                    Plaintiff,            )        2:09-cr-0500-RLH-LRL
                                           )
8   v.                                     )        **MOTION TO DISMISS**
                                           )        **BASED ON PRIOR**
9   FERMIN TRUJILLO-ROMERO,                )        **UNLAWFUL DEPORTATION (#13)**
                                           )
10                   Defendant.            )
                                           )
11  _____)

12                         **REPORT & RECOMMENDATION**

13          The defendant, Fermin Trujillo-Romero, is under indictment on one count of Deported Alien

14   Found Unlawfully in the United States, a violation of 8.U.S.C. § 1326.  The matter before the court is

15   Trujillo's Motion to Dismiss Based on a Prior Unlawful Deportation (#13), in which he contends that

16   the order mandating his removal from the United States was obtained in violation of his due process

17   rights, inasmuch as he was not informed of possible relief from removal in the form of voluntary

18   departure prior to his first removal in 2008.  Therefore, according to Trujillo, the order cannot now be

19   used to sustain an element of an illegal reentry offense.  The government filed a Response (#14)

20   arguing, among other things, that Trujillo was ineligible for relief in the form of voluntary departure

21   because he had previously been granted such relief and had been convicted of a crime qualifying as an

22   aggravated felony.  Trujillo filed a Reply (#15).

23                                   **BACKGROUND**

24          On July 11, 2008, Immigration and Customs Enforcement served Trujillo with a Notice to

25   Appear, which charged him with inadmissibility for a violation of the Immigration and Naturalization

26   Act ("INA") § 212(a)(6)(A)(I) (codified at 8 U.S.C. 1182(a)(6)(A)(I)), as an alien who was present in

the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.  Exh. A to Mot. (#13).  That same day, Trujillo signed a Stipulated Request for Removal Order and Waiver of Hearing that was printed in both English and Spanish.  Exh. B to Mot. (#13).  Pursuant to the Stipulated Request, Trujillo acknowledged that he had received a copy of the Notice to Appear, had been advised of and waived his rights to be represented by an attorney or to be represented by a lawyer of his choice at his own expense, and that he was giving up the legal rights he would have in a hearing before an Immigration Judge, including the rights to question witnesses, offer and object to evidence, and to require the government to prove his removability.  *See id.*  The Stipulated Request further provided that Trujillo did "not wish to apply for any relief from removal . . . . [T]his may include voluntary departure, adjustment of status, change of status, cancellation of removal, registry, and naturalization."  *Id.* at ¶ 9.

On July 14, 2008, the Immigration Judge issued an order of removal stating: "Upon the basis of respondent's admissions, I have determined that the respondent is subject to removal on the charge(s) in the Notice to Appear.  Respondent has made no application for relief from removal."  Exh. C. to Mot. (#13).  Trujillo was then removed to Mexico on July 17, 2008.  Att. to Opp'n (#14) at 1.  The July 14, 2008 order was reinstated twice to remove Trujillo on August 28 and 29, 2009.  Exh. D to Mot. (#13).  Trujillo subsequently was located in Nevada on November 23, 2009.  On December 9, 2009, the government filed the one count Indictment (#1) at issue in the present Motion (#13). The Indictment rests on the July 14, 2008 removal order.  Trujillo was detained at his initial appearance and entered a plea of not guilty at his arraignment. Min. (#7).

**DISCUSSION**

Title 8, United States Code, Section 1326(a) makes it a crime for an alien to enter, attempt to enter, or to be found in the United States without consent of the U.S. Attorney General after being denied admission, excluded, deported, or removed.  A defendant may collaterally attack a prior deportation or removal to preclude the government from relying on it in a prosecution under this section. § 1326(d).  To sustain a collateral attack, a defendant must demonstrate (1) that he exhausted

any remedies that may have been available to seek relief against the order, (2) the underlying removal proceedings at which the order was issued improperly deprived the defendant of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair.  *Id.*  The underlying proceedings were unfair if the defendant's due process rights were violated by defects in the underlying deportation proceedings, and he suffered prejudice as a result of the violation.  *United States v. Calderon-Segura*, 512 F.3d 1104, 1107 (9th Cir. 2008) (quotations and citations omitted).

Pursuant to 8 U.S.C. § 1229c(a), the Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense, in lieu of being subject to proceedings under section 1229a or prior to the completion of such proceedings, if the alien is not deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) [aggravated felony] or § 1227(a)(4)(B) [terrorist activity].  Pursuant to 8 U.S.C. §1229c(b), the Attorney General may permit an alien to voluntarily depart the United States if, at the conclusion of a proceeding under 8 U.S.C. § 1229a, the Immigration Judge enters an order granting voluntary departure in lieu of removal and finds that: (A) the alien has been physically present in the United States for at least one year prior to the date the notice to appear was served; (B) the alien is, and has been, a person of good moral character for at least five years immediately preceding the alien's application for voluntary departure; (C) the alien is not deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) or §1227(a)(4)(B); and (D) the alien has established by clear and convincing evidence that he has the means to depart the United States and intends to do so.

The regulation regarding a stipulated request for removal order and waiver of hearing, 8 C.F.R. § 1003.25(b), provides in pertinent part: "An Immigration Judge may enter an order of deportation, exclusion or removal stipulated to by the alien (or the alien's representative) and the Service. The Immigration Judge may enter such an order without a hearing and in the absence of the parties based on a review of the charging document, the written stipulation, and supporting documents, if any.  If the alien is unrepresented, the Immigration Judge must determine that the alien's waiver is voluntary, knowing, and intelligent."

Trujillo challenges his removal on the ground that his due process rights were violated because

he was not told he was eligible for "fast-track" voluntary departure under INA§ 240B(a) (codified at 8 U.S.C. § 1229c(a)); and (2) because there is no indication that his appeal rights were ever fully explained to him.  Mot. (#13) at  4, 5.  Therefore, it is argued, his waiver of rights was not "made in a 'considered and intelligent' manner."  *Id.* at 6.  The government contends that even if due process errors are proved, Trujillo has suffered no prejudice because he was not, in fact, eligible for voluntary departure because, pursuant to 8 U.S.C. § 1229c(a),  he was deportable as an aggravated felon, or in the alternative because he had previously been granted voluntary departure after having been found inadmissible pursuant to 8 U.S.C. § 1229c(c).

**A. Whether Defendant's Due Process Rights Were Violated**

The exhaustion requirement of 8 U.S.C. § 1326(d) does not bar collateral review of the deportation proceeding when the waiver of the right to appeal did not comport with due process.  A waiver of the right to appeal a removal order does not comport with due process when it is not "considered and intelligent."  *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) Due process further mandates that an Immigration Judge inform the alien of his right to apply for discretionary relief where the record supports an inference that defendant is eligible.  *United States v. Soto Castello*, 621 F. Supp. 2d 1062, 1071 (D. Nev. 2008); *see Ubaldo-Figueroa*, 364 F.3d at 1048 (holding that defendant was exempted from the exhaustion requirements because the Immigration Judge did not inform him that he was eligible for discretionary relief from deportation).  "Arguably this requirement can be satisfied by proof that the immigration official advised the alien of his eligibility to apply for voluntary departure before he signed a stipulation under 8 C.F.R. § 1003.25(b)."  *Soto Castello*, 621 F. Supp. 2d at 1071.

Nothing in Trujillo's  immigration record, however, indicates that Trujillo was informed by an immigration official or the Immigration Judge that he may be eligible for voluntary departure prior to signing the Stipulated Request, even though the record before the Immigration Judge did not indicate that Trujillo was ineligible for such relief.  The Removal Order states only, "Respondent has made no application for relief from removal."  Exh. C to Mot. (#13).  Hence, Trujillo's waiver of his right to

4

1   apply for any relief from removal cannot be deemed to have been considered and intelligent, and is thus

2   ineffective. *Soto Castello*, 621 F. Supp. 2d at 1071. Additionally, the Removal Order does not contain

3   an express statement that the Immigration Judge determined whether Trujillo's waiver of hearing was

4   "voluntary, knowing, and intelligent," *see* 8 C.F.R. § 1330.25(b), nor does the record indicate that

5   Trujillo's waiver of his right to appeal was in any way "considered and intelligent." *See Ubaldo-*

6   *Figueroa*, 364 F.3d at 1048. The Stipulated Request and the order of removal, thus, did not comport

7   with the requirements of 8 C.F.R. § 1330.25(b) nor with due process of law. *Soto Castello*, 621 F.

8   Supp. 2d at 1071; *see Ubaldo-Figueroa*, 364 F.3d at 1048; *United States v. Ortiz-Lopez*, 385 F.3d 1202,

9   1204 (9th Cir. 2004). Accordingly, the exhaustion requirement of 8 U.S.C. § 1326(d) does not bar

10   collateral review of the July 14, 2008, deportation proceeding.

11   **B. Whether Defendant Suffered Prejudice**

12      Trujillo must next demonstrate that he suffered prejudice as a result of the defective removal

13   proceeding. An alien can show that he has suffered prejudice from not being informed of his eligibility

14   for voluntary departure by showing that "plausible" grounds for such relief existed. Whether an alien

15   had "plausible" grounds for relief from removal is generally determined by whether he or she could

16   have obtained discretionary relief under the relevant factors to be considered by the Attorney General

17   or Immigration Judge. *Soto Castello*, 621 F. Supp. 2d at 1072. Notably, it is not necessary to show

18   that relief actually would have been granted. *Id.*

19      The government contends that even if there were defects in the removal proceedings, Trujillo

20   has suffered no prejudice insofar as he was ineligible for discretionary relief, such as voluntary

21   departure, because he was deportable as an aggravated felon and had previously been granted voluntary

22   departure after having been found inadmissible. Trujillo maintains that based on the record and Notice

23   to Appear before the Immigration Judge, there could have been no determination that he had been

24   convicted of a crime qualifying as an aggravated felony, nor is there any record of Trujillo having been

25   previously granted voluntary departure after first being deemed inadmissible. Therefore, he was eligible

26   for discretionary relief in the form of voluntary departure.

5

*1. Aggravated Felony*

An alien who has an aggravated felony conviction does not qualify for cancellation of removal or for voluntary departure. §§ 1229b(a)(3), 1229c(a)(1).  "Aggravated felony" is defined in 8 U.S.C. § 1101(a)(43).  In determining whether a state conviction constitutes an aggravated felony under § 1101(a)(43), the court generally applies the categorical approach described in *Taylor v. United States*, 495 U.S. 575, 602 (1990).  The categorical approach requires the court to look at the statutory definition of the crime rather than the underlying factual circumstances. *United States v. De Jesus Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001) (citation omitted).

The government represents that on June 17, 2008, Trujillo was convicted of Attempted Possession of Controlled Substance with Intent to Sell in violation of NRS § 453.337 in the District Court of Clark County, Nevada, which would qualify for treatment as "illicit trafficking in a controlled substance . . . including a drug trafficking crime" pursuant to 8 U.S.C. § 1101(a)(43)(B).  Citing *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063 (9th Cir. 2006), the government maintains it is immaterial that the conviction was not alleged in the Notice to Appear for the purposes of determining prejudice.  While it is true that in some instances it matters not that a specific conviction was not alleged as an aggravated felony in the notice to appear, here there is no indication that any record of the prior conviction was, or would have been, put before the Immigration Judge.

The only evidence of the conviction in this record is a line item on Trujillo's July 11, 2008, I-213 form under "Criminal History," which states "TRUJILLO was convicted in the 8th Judicial District Court, Clark County, Nevada for ATTEMPT POSSESSION OF CONT SUBS WITH INTENT TO SELL.  Conviction documents ordered 7/10/2008 for subjects [Sic] A-file."  Based on this line item, there is simply no way to determine whether Trujillo was convicted of an offense which qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).  While the government represents that Trujillo was convicted for a violation of NRS § 453.337, there is no record of said conviction which includes the statute number, nor does the record reflect the sentencing outcome, if any. *See S-Yong v. Holder*, 578 F.3d 1169, 1175 (9th Cir. 2009) ("[T]hough it may be tempting to assume that the government's

6

proffered document [the notice to appear] meets *Taylor's* strict standards, doing so would undercut the basis for that decision, which, again, is to determine the nature of the prior conviction with certainty and without collateral litigation."); *compare Soto Castello*, 621 F. Supp. 2d at 1066, 1072 (holding that defendant was ineligible for discretionary relief from removal because, based on the I-213 in the record, defendant had been convicted of an aggravated felony, where I-213 specified the Nevada statute number under which defendant was convicted and stated the sentence which was imposed.)

The government has failed to show that the Immigration Judge could have found Trujillo ineligible for voluntary departure, insofar as it fails, even now, to proffer evidence adequate to determine whether the conviction qualifies as an aggravated felony. *See S-Yong*, 578 F.3d. at 1175. Without any record of the prior conviction before him, the Immigration Judge could not have determined that Trujillo was ineligible for voluntary departure on the basis of his conviction record.

*2. Previous Grant of Voluntary Departure*

The government next argues that Trujillo was statutorily ineligible for voluntary departure pursuant to 8 U.S.C. § 1229c(c) insofar as he allegedly previously had been granted the privilege after having been found to be inadmissible. Opp'n (#14) at 4. The government points to a line item in the July 11, 2008, 1-213 form under "Immigration History," which states "Trujillo has one prior Voluntary Return to Mexico per IDENT." Att. to Opp'n (#14) at 10. Hence, it is argued, that immigration authorities and the Immigration Judge were well aware that Trujillo was ineligible for relief in the form of voluntary departure, and thus no defect or prejudice resulted from not informing Trujillo of the relief. Opp'n (#14) at 4-5.

Section 1229c(c) provides that "The Attorney General shall not permit an alien to depart voluntarily under this section if the alien was previously permitted to so depart after having been found inadmissible under section 1182(a)(6)(A) of this title." Here, however, there is no record of a prior, formal removal proceeding. While the I-213 does state Trujillo had a prior voluntary departure, the record is silent as to whether such departure was permitted *after* having been found inadmissible under section 1182(a)(6)(A). Without satisfying this element of section 1229c(c), the government's argument

1   that Trujillo was statutorily ineligible for voluntary departure pursuant to 8 U.S.C. § 1229c(c) fails.

2           *3. Plausibility of Grant of Voluntary Departure*

3           Pursuant to 8 U.S.C. §1229c(b), the Attorney General may permit an alien to voluntarily depart

4   the United States if, at the conclusion of a proceeding under 8 U.S.C. § 1229a, the Immigration Judge

5   enters an order granting voluntary departure in lieu of removal and finds: (A) that the alien has been

6   physically present in the United States for at least one year prior to the date the notice to appear was

7   served; (B) the alien is, and has been, a person of good moral character for at least five years

8   immediately preceding the alien's application for voluntary departure; (C) the alien is not deportable

9   under 8 U.S.C. § 1227(a)(2)(A)(iii) or §1227(a)(4)(B); and (D) the alien has established by clear and

10  convincing evidence that he has the means to depart the United States and intends to do so.

11          Plausible grounds for a grant of voluntary departure existed at the time of Trujillo's removal

12  proceeding. When the Notice to Appear was served on July 11, 2008, Trujillo had been residing in the

13  United States for at least three years. *See* Exh. A to Mot. (#13) (stating that Trujillo "arrived in the

14  United States . . . on or about February 2005").  There was no prior negative immigration history on

15  Trujillo's record which would have been before the Immigration Judge, nor was Trujillo deportable as

16  an aggravated felon or terrorist.  While these factors do not establish that Trujillo would have been

17  granted relief, it is apparent that he could have been granted relief.  In other words, the record indicates

18  that there existed plausible grounds for relief from removal in the form of voluntary departure.

19  **C. Conclusion**

20          Based on the foregoing, the court concludes that the July 14, 2008 removal proceeding violated

21  defendant's right to due process of law insofar as the record does not show that Trujillo's waiver of his

22  right to appeal was "considered and intelligent," or that his waiver hearing was "voluntary, knowing,

23  and intelligent."  Trujillo was also not informed that he was eligible to apply for voluntary departure

24  in lieu of removal before he executed the Stipulated Request.  Inasmuch as it is plausible, on the basis

25  of the record before this court, that defendant could have been granted such relief, he was prejudiced

26  as a result of the Immigration Judge's failure to so inform him.  Hence, because the July 14, 2008

Removal Order was not properly obtained, it cannot now be used as the basis to prosecute defendant for a violation 8 U.S.C. § 1326.

### RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Morales's Motion to Dismiss Based on Prior Unlawful Deportation (#13) should be granted.

DATED this 11th day of February, 2010.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**